UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

_____
                                        )
In Re:                                  )    Chapter 11
                                        )
Haven Eldercare, LLC, *et al.*,[1]      )    Jointly Administered under
                                        )    CASE NO. 07-32720 (ASD)
          Debtors.                      )
                                        )    RE: Doc. I.D. Nos. 93 & 257
_____ )


**BRIEF MEMORANDUM AND ORDER
ESTABLISHING ASSURANCE OF PAYMENT TO UTILITY COMPANIES
PURSUANT TO SECTION 366 OF THE BANKRUPTCY CODE**

---

[1] Haven Eldercare, Case No. 07-32720, Waterford Equities, LLC, Case No. 07-32719, Haven Health Care Center of Windham, LLC, Case No. 07-32721, Haven Healthcare Management, LLC, Case No. 07-32722, Haven Health Center of Cromwell, LLC, Case No. 07-32723, Haven Health Center of Rocky Hill, LLC, Case No. 07-32724, Haven Health Center of Danielson, LLC, Case No. 07-32725, Haven Health Center of Litchfield Hills, LLC, Case No. 07-32726, Haven Health Center of East Hartford, LLC, Case No.  07-32727, Haven Health Center of Jewett City, LLC, Case No. 07-32728, Haven Health Center Soundview, LLC, Case No. 07-32729, Haven Health Center of New Haven, LLC, Case No. 07-32730, Haven Health Center of West Hartford, LLC, Case No. 07-32731, Haven Health Center of Farmington, LLC, Case No. 07-32732, Haven Health Center of Norwich, LLC, Case No. 07-32733, Haven Health Center of Waterbury, LLC, Case No. 07-32734, Haven Health Center of South Windsor, LLC, Case No. 07-32735, Haven Health Center of Waterford, LLC, Case No. 07-32736, Haven Health Center of Rutland, LLC, Case No. 07-32740, Lighthouse Medical Supply, LLC, Case No. 07-32741, Haven Health Center of St. Albans, LLC, Case No. 07-32742, Haven Health Care Trust II, LLC, Case No. 07-32743, Cromwell Crest Convalescent Home, Inc., Case No. 07-32744, Applegate Lane, Inc., Case No. 07-32745, Haven Health Center of Claremont, LLC, Case No. 07-32746, Litchfield Health Care Trust, LLC, Case No. 07-32747, Haven Health Care Center of Warren, LLC, Case No. 07-32748, Ferretti's Nursing Home, Inc., Case No. 07-32749, Haven Equities of Warren, Rhode Island, LLC, Case No. 07-32750, Haven Health Center of Pawtucket, LLC, Case No. 07-32751, Pawtucket Equities, LLC, Case No. 07-32752, Haven Health Center of Derry, LLC, Case No. 07-32753, Haven Health Center of Greenville, LLC, Case No. 07-32754, Haven Eldercare of New Hampshire, LLC, Case No. 07-32755, Haven Eldercare II, LLC, Case No. 07-32756, Greenville Equities, LLC, Case No. 07-32757, Hampton Equities, LLC, Case No. 07-32758, Haven Health Center at Seacoast, LLC, Case No. 07-32759, Haven Health Care of Coventry, LLC, Case No. 07-32760, Chelsea Equities, LLC, Case No.  07-32761, Coventry Equities, LLC, Case No. 07-32762, Haven Health Center of Chelsea, LLC, Case No. 07-32763, Haven Eldercare of New England, LLC, Case No. 07-32870, Haven Health Center Common Paymaster, LLC, Case No. 07-32873, Haven Healthcare of Connecticut, LLC, Case No. 07-32962.

The Jointly Administered Bankruptcy Cases before the Court consist of 45 entities engaged in the operation and management of nursing and patient care facilities. The present matter springs from the Debtors' responsibility to ensure continuity of utility services vital to the care and well-being of several thousand elderly individuals in these facilities.

In any endeavor to avoid termination of utility service debtors are initially aided by Section 366(a) which prohibits utilities from terminating service solely on the basis of the commencement of the bankruptcy case, or for the untimely payment, or non-payment, of a debt for service rendered prior to the commencement of the case. However, in a case commenced under Chapter 11, Section 366(c)(2) permits a utility to disconnect service 30 days after the petition date if the utility does not receive "adequate assurance of payment for utility service that is *satisfactory to the utility"*. The utility provider's determination of *satisfactory* assurance of payment is controlling unless the Court, pursuant to Section 366(c)(3)(A) orders a modification. Consideration of such a modification is the present posture of the matter before the Court.

On November 29, 2007, the Debtors filed a Motion for Entry of an Order (A) Deeming Utility Companies Adequately Assured . . . and (B) Establishing Procedures [Related Thereto] (hereafter, the "Motion"), Doc. I.D. No. 93, seeking, *inter alia*, an order deeming utility companies adequately assured of future performance by their receipt of a cash deposit equal to one-half of the Debtors' average monthly invoice over the last 12

months from each utility,[2] and establishing procedures for determining requests for additional adequate assurance. Following a December 5, 2007 hearing thereon, and by Order entered December 12, 2007, see Doc. I.D. No. 257, the Court denied the Motion insofar as it requested that specific assurance be deemed adequate, but granted it insofar as it requested procedures for the determination of such assurance. Regarding the procedures request, the Court, ordered, *inter alia*,

> (a) the Debtors and the each party listed on Exhibit A to the Motion that is a "utility" within the meaning of Section 366 of the Bankruptcy Code (the "Utilities"),[3] were to confer on or before December 12, 2007, and determine the appropriate amount of the adequate assurance payment that would be made by the Debtors to such Utility, and
>
> (b) that absent an agreement between the Debtors and a utility on or before December 19, 2007, the Debtors were to file a notice with the Court pursuant to Section 366(c)(3)(A) of the Bankruptcy Code listing the Utilities for which no agreement has been reached (the "Notice"), and
>
> (3) scheduled a hearing for January 9, 2008, to determine the appropriate amount of the adequate assurance payment that should be made as to those Utilities for which no agreement hadbeen reached (the "Adequate Assurance Hearing ").[4]

---

[2] Section 366(c)(1)(A) defines "assurance of payment" as: "(i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually agreed on between the utility and the debtor . . . . "

[3] Exhibit A attached to the Motion listed numerous "utility companies" from which the various Debtors received "water, natural gas, oil, electricity, trash removal, sewage, telephone, and other utility services". The December 12, 2007 Order entered without prejudice to the rights of any Creditors' Committee or party on Exhibit A to contend that a party listed on Exhibit A is not a Utility within the meaning of Section 366 of the Bankruptcy Code, and provided that the Order should not apply to any entity that is determined not to be a Utility within the meaning of that Section.

[4] These procedures were intended to facilitate a prompt and efficient resolution of anticipated assurance of payment issues with any unsatisfied/non-agreeing utilities. To the extent that certain utilities objected to the Adequate Assurance Hearing on the basis of the absence of an actual *pending* written "request" for a modification of the amount of an assurance of payment [deemed satisfactory by a utility], *see* Section 366 (c)(3)(A), those objections were overruled.

On December 19, 2007, the Debtors' filed and served the Notice, Doc. I.D. No. 329, listing 14 utilities with which an assurance of payment agreement had not then been reached, and providing further notice of the January 9, 2008 Adequate Assurance Hearing "to determine the appropriate adequate assurance of payment with respect to the Utilities for which no agreement has been reached".

At the Adequate Assurance Hearing it was reported that 10 utilities (the "Unsatisfied Utilities")[5] had not reached an agreement[6] with the Debtors. The Unsatisfied Utilities expressed "satisfaction" with a cash deposit equal to two times, and in some instances three times, the Debtors' average monthly invoice over the last twelve months from each utility, and argued there was no support for the Debtors' requested modification of those amounts. The Debtors, consistent with the Motion, requested the Court to order a modification of these amounts and find a cash deposit equal to one-half the Debtors' average monthly invoice over the last twelve months from each utility to be an adequate assurance of payment amount in each case.

The Court, after notice and a hearing, see Section 102(1)(A), and having considered the documentary and testimonial evidence, and the arguments of counsel, presented at the Adequate Assurance Hearing, and the relevant files and records of these jointly administered cases, and at the request of the Debtors, hereby modifies, pursuant to

---

[5] New England Gas Company, Narragansett Electric Company, EnergyNorth Natural Gas, Inc., Boston Gas Company, Southern Connecticut Gas Company, Connecticut Natural Gas Company, The Connecticut Light and Power Company, Public Service Company of New Hampshire, Yankee Gas Services Company, and the Metropolitan District.

[6] Generally, the approximately 50 entities/utilities in agreement with the Debtors were presently satisfied with assurance of payment in the form of cash deposits ranging from 15 to 30 days, calculated on the basis of the average monthly invoice over the last twelve months from that utility.

4

Section 366(c)(3)(A) the amount of assurance of payment deemed "satisfactory" under Section 366(c)(2) by the Unsatisfied Utilities, and finds and concludes that cash deposits, see Section 366(c)(1)(A)(i), in the amounts as ordered hereafter provide adequate assurance of payment, in accordance with which:

**IT IS HEREBY ORDERED** that on or before January 18, 2008, each of the subject Debtors shall provide to each Unsatisfied Utility adequate assurance of payment in the form of a cash deposit in an amount equal to that Debtors' average monthly invoice over the last 12 months from each Unsatisfied Utility, and

**IT IS FURTHER ORDERED** in the event any of the subject Debtors do not obtain approval of this Court of final post-petition financing by February 8, 2008, the Debtor(s) shall provide as adequate assurance of payment an *additional* cash deposit in an amount equal to that Debtors' average monthly invoice over the last 12 months from each Unsatisfied Utility for a total of two months deposit, and

**IT IS FURTHER ORDERED** that absent further order of this Court, or consent from the subject Debtors, no utility may alter, refuse, or disconnect utility service to such Debtors, or require assurance of payment from such Debtors beyond that provided for herein, unless the Debtors fail to make the cash deposits required by the two immediately preceding decretal paragraphs.

Dated: January 10, 2008                                                        BY THE COURT

                                                                                          Albert S. Dabrowski
                                                                                          Chief United States Bankruptcy Judge

5