UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re:<br><br>Haven Eldercare, LLC, *et al.*,[1]<br><br>             Debtors. | Chapter 11<br><br>**Jointly Administered under**<br>**CASE NO. 07-32720 (ASD)** |

**AFFIDAVIT OF M. BENJAMIN JONES IN RESPONSE TO**
**THE COMMITTEE'S MOTION FOR AN ORDER AUTHORIZING**
**THE ASSIGNMENT OF CLAIMS AGAINST THE TERMINIS OR,**
**ALTERNATIVELY, VACATING THE MOSES & SINGER RETENTION ORDER**

---

[1] Haven Eldercare, LLC, Case No. 07-32720, Waterford Equities, LLC, Case No. 07-32719, Haven Health Care Center of Windham, LLC, Case No. 07-32721, Haven Healthcare Management, LLC, Case No. 07-32722, Haven Health Center of Cromwell, LLC, Case No. 07-32723, Haven Health Center of Rocky Hill, LLC, Case No. 07-32724, Haven Health Center of Danielson, LLC, Case No. 07-32725, Haven Health Center of Litchfield Hills, LLC, Case No. 07-32726, Haven Health Center of East Hartford, LLC, Case No. 07-32727, Haven Health Center of Jewett City, LLC, Case No. 07-32728, Haven Health Center Soundview, LLC, Case No. 07-32729, Haven Health Center of New Haven, LLC, Case No. 07-32730, Haven Health Center of West Hartford, LLC, Case No. 07-32731, Haven Health Center of Farmington, LLC, Case No. 07-32732, Haven Health Center of Norwich, LLC, Case No. 07-32733, Haven Health Center of Waterbury, LLC, Case No. 07-32734, Haven Health Center of South Windsor, LLC, Case No. 07-32735, Haven Health Center of Waterford, LLC, Case No. 07-32736, Haven Health Center of Rutland, LLC, Case No. 07-32740, Lighthouse Medical Supply, LLC, Case No. 07-32741, Haven Health Center of St. Albans, LLC, Case No. 07-32742, Haven Health Care Trust II, LLC, Case No. 07-32743, Cromwell Crest Convalescent Home, Inc., Case No. 07-32744, Applegate Lane, Inc., Case No. 07-32745, Haven Health Center of Claremont, LLC, Case No. 07-32746, Litchfield Health Care Trust, LLC, Case No. 07-32747, Haven Health Care Center of Warren, LLC, Case No. 07-32748, Ferretti's Nursing Home, Inc., Case No. 07-32749, Haven Equities of Warren, Rhode Island, LLC, Case No. 07-32750, Haven Health Center of Pawtucket, LLC, Case No. 07-32751, Pawtucket Equities, LLC, Case No. 07-32752, Haven Health Center of Derry, LLC, Case No. 07-32753, Haven Health Center of Greenville, LLC, Case No. 07-32754, Haven Eldercare of New Hampshire, LLC, Case No. 07-32755, Haven Eldercare II, LLC, Case No. 07-32756, Greenville Equities, LLC, Case No. 07-32757, Hampton Equities, LLC, Case No. 07-32758, Haven Health Center at Seacoast, LLC, Case No. 07-32759, Haven Health Care of Coventry, LLC, Case No. 07-32760, Chelsea Equities, LLC, Case No. 07-32761, Coventry Equities, LLC, Case No. 07-32762, Haven Health Center of Chelsea, LLC, Case No. 07-32763, Haven Eldercare of New England, LLC, Case No. 07-32870, Haven Health Center Common Paymaster, LLC, Case No. 07-32873.

681280

STATE OF NEW YORK    )
                     ss.:
COUNTY OF NEW YORK   )

M., BENJAMIN JONES, being duly sworn, deposes, and says:

1. I submit this Affidavit in opposition to the motion (the "Motion") filed by the Official Committee of Unsecured Creditors of the Debtors (the "Committee"), seeking an order authorizing the assignment of the claims of the Debtors' estates against Raymond S. and Daneen Termini or, alternatively, vacating the retention order of Moses & Singer LLP ("M&S"). I am duly authorized to make this Affidavit on the Debtors' behalf and, if called as a witness, I could and would testify thereto.

2. By Order of this Court dated December 19, 2007 (the "Order"), Conway, Del Genio, Gries & Co., LLC ("CDG") was appointed the Debtors' Chief Restructuring Officer ("CRO"). I am an officer of CDG and have been charged with the responsibilities and authority set forth in the Order.

3. Since my appointment as CRO, I have been actively engaged in efforts to stabilize the Debtors' business. While the Debtors' occupancy rates have stabilized post-petition, they still trail pre-petition levels and the Debtors continue to have to address a myriad of issues, both bankruptcy and non-bankruptcy related. The Debtors have spent a substantial amount of time communicating with and providing information to the various constituencies, working with the Debtors' vendors to ensure the prompt delivery of goods and services, working with the various state regulatory agencies to ensure proper patient care, managing the Debtors' limited resources and communicating with the Debtors' employees regarding current operations and the future of the Debtors.

2

4. In addition, after the entry of the order providing the Debtors with post-petition financing, the Debtors have been actively engaged in efforts to maximize the value of the Debtors' assets through an orderly and competitive sale and auction process. That process is on-going. I have been involved with the sale process and have met with prospective purchasers. The sale process involves a significant commitment of the Debtors' personnel to satisfy potential buyers' due diligence requirements and their inquiries regarding the Debtors' operations.

5. In February, 2008, I was advised that Robert Hertzberg, counsel for the Committee, demanded an "assignment" of the Debtors' claims against Mr. and Mrs. Raymond S. Termini. In response to the Committee's demand, I asked counsel whether there had been any agreement as alleged by Mr. Hertzberg. After researching the record, the Debtors' counsel determined that they did not believe there was an agreement. As a result, I would not authorize counsel to do what Mr. Hertzberg demanded.

6. I do not believe it is in the Debtors' estates' best interest at this time for the Committee to commence litigation to distract Mr. Termini from his ongoing role in both operations of the Debtors and the sale process. As the Chief Executive Officer of the Debtors since inception, Mr. Termini has extensive knowledge both of the operations of the Debtors' business and of the history of the Debtors. In addition, he continues to be involved in the daily operations of the Debtors' business.

7. Mr. Termini has also been very supportive in the Debtors' efforts to sell its assets. His extensive knowledge of the history of the Debtors has been extremely useful in responding to prospective buyers' due diligence inquiries and operational questions.

8. Any suits against the Terminis at this time and would be contrary to the best interests of the estates and are not necessary or beneficial to the fair and efficient administration

3

of these estates. Any such suits would interfere with both the efforts to stabilize the Debtors' business and the efforts to sell the Debtors' assets.

WHEREFORE, for the reasons set forth herein, it is respectfully requested that the Committee's Motion be denied in its entirety.

M. BENJAMIN JONES

Sworn to before me
on March 28, 2008.

Notary Public
THOMAS G COTTER
COMMISSIONER OF SUPERIOR COURT
3/28/08

4