UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

_____
                                          )   Chapter 11
In Re:                                    )
                                          )   Jointly Administered under
Haven Eldercare, LLC, *et al.*[1]         )   CASE NO. 07-32720 (ASD)
                                          )
        Debtors.                          )   RE: ECF Nos. 1566 & 1574
_____ )

# BRIEF MEMORANDUM OF DECISION AND ORDER
# DENYING MOTION TO ENFORCE ORDER[2]

---

[1] Haven Eldercare, Case No. 07-32720, Waterford Equities, LLC, Case No. 07-32719, Haven Health Care Center of Windham, LLC, Case No. 07-32721, Haven Healthcare Management, LLC, Case No. 07-32722, Haven Health Center of Cromwell, LLC, Case No. 07-32723, Haven Health Center of Rocky Hill, LLC, Case No. 07-32724, Haven Health Center of Danielson, LLC, Case No. 07-32725, Haven Health Center of Litchfield Hills, LLC, Case No. 07-32726, Haven Health Center of East Hartford, LLC, Case No.  07-32727, Haven Health Center of Jewett City, LLC, Case No.  07-32728, Haven Health Center Soundview, LLC, Case No.  07-32729, Haven Health Center of New Haven, LLC, Case No. 07-32730, Haven Health Center of West Hartford, LLC, Case No. 07-32731, Haven Health Center of Farmington, LLC, Case No. 07-32732, Haven Health Center of Norwich, LLC, Case No. 07-32733, Haven Health Center of Waterbury, LLC, Case No. 07-32734, Haven Health Center of South Windsor, LLC, Case No. 07-32735, Haven Health Center of Waterford, LLC, Case No. 07-32736, Haven Health Center of Rutland, LLC, Case No. 07-32740, Lighthouse Medical Supply, LLC, Case No. 07-32741, Haven Health Center of St. Albans, LLC, Case No. 07-32742, Haven Health Care Trust II, LLC, Case No. 07-32743, Cromwell Crest Convalescent Home, Inc., Case No. 07-32744, Applegate Lane, Inc., Case No. 07-32745, Haven Health Center of Claremont, LLC, Case No. 07-32746, Litchfield Health Care Trust, LLC, Case No. 07-32747, Haven Health Care Center of Warren, LLC, Case No. 07-32748, Ferretti's Nursing Home, Inc., Case No. 07-32749, Haven Equities of Warren, Rhode Island, LLC, Case No. 07-32750, Haven Health Center of Pawtucket, LLC, Case No. 07-32751, Pawtucket Equities, LLC, Case No. 07-32752, Haven Health Center of Derry, LLC, Case No. 07-32753, Haven Health Center of Greenville, LLC, Case No. 07-32754, Haven Eldercare of New Hampshire, LLC, Case No. 07-32755, Haven Eldercare II, LLC, Case No. 07-32756, Greenville Equities, LLC, Case No. 07-32757, Hampton Equities, LLC, Case No. 07-32758, Haven Health Center at Seacoast, LLC, Case No. 07-32759, Haven Health Care of Coventry, LLC, Case No.  07-32760, Chelsea Equities, LLC, Case No.  07-32761, Coventry Equities, LLC, Case No. 07-32762, Haven Health Center of Chelsea, LLC, Case No. 07-32763, Haven Eldercare of New England, LLC, Case No. 07-32870, Haven Health Center Common Paymaster, LLC, Case No. 07-32873, Haven Eldercare of Connecticut, LLC, Case No. 07-32962, Waterbury Equities, LLC, Case No. 08-30134.

[2] The Court, on the record of April 14, 2011, placed an oral ruling on the record reserving jurisdiction to enter this written Decision and Order. To the extent this written Decision and Order adds to, conflicts with, or is inconsistent with the oral ruling, this written Decision and Order controls.

The matter presently before this Court springs from a civil action (hereafter, the "Civil Action") initiated September 10, 2010 by Rachael Dupuis in the Small Claims Court of the Vermont Superior Court (hereafter, the "State Court")[3] wherein Dupuis sought to hold TC Healthcare liable for a contract, whereby Depuis would be reimbursed for certain educational expenses, that Dupuis entered into with her employer, Haven Healthcare Management, LLC ("Haven"), a debtor in the so-called Haven Eldercare cases jointly administered in this Court under Case No. 07-32720.[4] TC Healthcare answered and disputed the Plaintiff Dupuis' claim and complaint in the State Court stating, *inter alia*,

> "the contract at issue was between Plaintiff and Haven Healthcare Management, LLC ("Haven"). Haven filed for bankruptcy in Nov. 2007. During Haven's Bankruptcy it did not assume, and TC Healthcare was not assigned the Contract. Therefore, TC Healthcare has no liability to Plaintiff under the terms of the Contract."

Exh. C to ECF No. 1574.

On December 16, 2010, a hearing (hereafter, the "Hearing") was held in the State Court at which Dupuis presented evidence, documentary and testimonial. At the Hearing TC Healthcare appeared through counsel but offered no evidence. Rather, its counsel asked the State Court to accept his "representations" as to facts supporting the claim that TC Healthcare had no liability to Dupuis.

---

[3] *Rachael Dupuis v. Haven Health Center and TC Healthcare, LLC*, Vermont Small Claims Court Docket No. 676-9-10-Rdsc.

[4] During the April 14, 2011, hearing before this Court counsel for TC Healthcare, responding to questions asked by the Court as to why it was pressing the Motion with such vigor and at significant cost, noted the existence of a potentially large universe of other similar claimants, and what he argued to be the precedential effect of the adverse determination of the State Court Decision. From this Court's perspective, due to the unique factual circumstances that occurred in the State Court, the resolution of the Civil Action has extremely limited precedential effect. In addition, this Memorandum and Decision is not, and should not be considered, a determination by this Court that TC Healthcare's argument that certain prior orders of this Court insulate TC Healthcare from liability is without merit.

On February 28, 2011, the State Court Judge, the Honorable Mary Miles Teachout, issued a written decision (hereafter, the "State Court Decision")[5], Exh. B, ECF No. 1574-2, noting therein, *inter alia*, her Hearing ruling determination that she "could not accept [counsel's] representations as admissible evidence," *id*. at 1, and that TC Healthcare "provided no admissible evidence to controvert Ms. Dupuis's evidence", *id*. at 2, and accompanied by a Judgment in favor of Dupuis in the monetary amount of $4,944.51.

It appears that several days after the Hearing TC Healthcare moved to supplement the State Court evidentiary record by submitting an affidavit and certain documents. The State Court denied the motion stating, *inter alia*,

> [I]f relying on documents after trial were to be an accepted practice, the purpose of the summary small claims process would be defeated and the courts would become clogged. Here, TC [Healthcare] presents no valid reason why it could not have introduced the proffered evidence at the hearing. TC [Healthcare] should have known that the hearing was its opportunity to present evidence through witnesses. V.R.S.C.P. 6(a). After the hearing was over, TC [Healthcare] sought to have the court rely on documentary evidence in the form of a faxed affidavit with attachments. This procedure is improper, even in small claims proceedings.

State Court Decision at 2.

On March 22, 2011, TC Healthcare filed in this Court its *Motion and Supporting Memorandum of Law to Enforce the July 4, 2008 Order of the United States Bankruptcy Court of the District of Connecticut* (hereafter, the "Motion"), ECF No. 1566, requesting that

---

[5]The State Court Decision, which contains a detailed discussion of the facts and circumstances attending the Dupuis claim, is incorporated herein in its entirety by reference.

3

this Court "rule that [TC Healthcare] has no liability to Dupuis." Motion at 9. On April 7, 2011, Dupuis objected to the Motion by filing a *Motion to Summarily Dismiss [the Motion]* (hereafter, the "Objection "), ECF No. 1574. The Motion and Objection came before the Court for a hearing on April 14, 2011, at which counsel for TC Healthcare and Dupuis herself appeared.

On this record it appears to this Court that the Rooker-Feldman Doctrine operates to preclude the relief requested as a collateral attack on a state court decision." *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521 (2005).

Here, the prior orders of this Court, relied upon by TC Healthcare in arguing it has no liability to Dupuis, were not presented to or considered by the State Court as evidence as a result of TC Heathcare's failure to timely and properly offer them as evidence in the State Court. Simply stated, the State Court determined the State Court Action adverse to TC Healthcare on the basis of TC Healthcare's failure to present evidence. While this Court, as TC Healthcare correctly observes, retained jurisdiction in the Haven Eldercare cases to enforce its Orders and/or otherwise resolve any disputes, controversies or claims arising out of the Orders, *Order Granting United States Trustee's Motion to Dismiss All Haven Eldercare, LLC-Related Chapter 11 Cases*, s*ee* Motion, Exhibit D, p. 2, the posture

of this matter presents no basis for the Court to exercise authority pursuant that retention.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion is **DENIED**, and the Objection is **SUSTAINED**.

Dated: April 14, 2011                                                          BY THE COURT

Albert S. Dabrowski
United States Bankruptcy Judge